09-1805-ag
Zhou v. Holder

BIA
Balasquide, IJ
A098 814 881

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

QIANG ZHOU,
> *Petitioner*,

> v.                                    09-1805-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Blair T. O'Connor, Assistant Director; Samia Naseem, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qiang Zhou, a native and citizen of the People's Republic of China, seeks review of an April 2, 2009 order of the BIA, affirming the July 30, 2007 decision of Immigration Judge ("IJ") Javier Balasquide, which denied Zhou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Zhou*, No. A098 814 881 (B.I.A. Apr. 2, 2009), *aff'g* No. A098 814 881 (Immig. Ct. N.Y. City July 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review both the BIA's and the IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Corovic,* 519 F.3d at 95. That determination was based on: (1)inconsistencies

2

regarding the date Zhou was purportedly fired from his job at the government-owned factory; (2) inconsistencies in the date Zhou claimed to have traveled to Beijing to ask the government to reinstate his employment at the factory; and (3) Zhou's inconsistent testimony with regard to who paid the fine to secure his release from detention. The agency did not err in declining to credit the explanations Zhou offered for these discrepancies. *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Each of these findings was a valid basis for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Because the only evidence of a threat to Zhou's life or freedom depended on his credibility, the agency's adverse credibility determination was fatal to his application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3